# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

SHEILA DELANN CARADINE, )
)
      Plaintiff, )
)
v. ) No. 4:17-cv-2196-JCH
)
DIVISION OF YOUTH SERVICES, et al., )
)
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On August 1, 2017, plaintiff filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, alleging that her employer terminated her, harassed her, retaliated against her, and "blacklisted" her. (Docket No. 1 at 1-4). She sought and was granted leave to proceed in forma pauperis, and the Court reviewed her complaint pursuant to 28 U.S.C. § 1915(e)(2).

Upon initial review, the Court noted that plaintiff had failed to submit a copy of a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), even though she averred that she had filed a charge of discrimination and received a right to sue letter. In an order dated October 27, 2017, the Court directed plaintiff to submit a copy of the right to sue letter within 21 days. In response, plaintiff averred that she had the letter, but she did not submit a copy of it. In an order dated November 8, 2017, the Court again directed plaintiff to submit a copy of the right to sue letter she received from the EEOC. Plaintiff timely complied, and submitted a copy of a right to sue letter dated September 30, 2005. In an order dated November 14, 2017, the Court noted that it was apparent that plaintiff had filed her complaint well in excess of the applicable limitations period, and directed her to show cause why her complaint should not

be dismissed as untimely. Plaintiff's response was due to the Court on December 5, 2017. To date, she has neither responded to the Court, nor sought additional time to do so.

As the Court previously noted, to maintain a Title VII claim in Federal Court, an aggrieved employee is required to file suit within ninety days after receipt of a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Cases filed after the ninety-day limitations period are subject to dismissal as untimely. *Williams v. Thomson Corp.*, 383 F.3d 789, 790-91 (8th Cir. 2004) (per curiam). Plaintiff's right to sue letter is dated September 20, 2005, and she filed her complaint on August 1, 2017. The Court concludes that plaintiff's claims brought pursuant to Title VII are untimely, and will therefore dismiss her complaint, without prejudice. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (internal citations omitted) (the district court may properly dismiss an in forma pauperis complaint "when it is apparent the statute of limitations has run.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of December, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE